# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

Michael Franklin Danes,

              Plaintiff,        Civil Action No. 17-CV-182

v.                                        Hon. Judith E. Levy

Associated Wholesale Grocers, Inc.,

              Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS [9] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND [13]

Before the Court is defendant Associated Wholesale Grocers, Inc.'s partial motion to dismiss the claim for retaliatory discharge under Tennessee common law and claim under the Tennessee Public Protection Act, TENN. CODE ANN. § 50-10-304. (Dkt. 9.) In the response brief to the motion to dismiss, plaintiff included a motion for leave to amend the complaint, which the Court will also consider in this opinion and order. (Dkt. 13.)

For the reasons set forth below, defendant's motion is granted in part and denied in part. Plaintiff's motion to amend is granted in part and denied in part.

## I. Background

Plaintiff Michael Franklin Danes was employed by defendant Associated Wholesale Grocers, Inc. ("AWG") from 1992 to September 27, 2016, beginning with the company as a Produce Specialist and ending as a Senior Vice-President, Division Manager in Nashville. (Dkt. 1 at 2, 5.) AWG is a grocery cooperative distributor that distributes goods to grocery stores in several states in the Midwest and South. (*Id*. at 1.)

The events giving rise to plaintiff's complaint allegedly began in January 2016 when the company obtained new management and plaintiff "got a new supervisor." (Dkt. 1 at 3.)

In the initial complaint, plaintiff alleges that the new management engaged in "unethical practices," including "restricting competition among stores by providing incentives in the form of freight reductions, preferential loan treatment and confidential price files." (Dkt. 1 at 4.) Further, management may have "made payments to owners to keep the owners' business." (*Id*.) And after CEO David Smith sold a store that he

knew was prone to flooding, the buyer pulled its business from defendant, and plaintiff "spoke up and said it was because of the ill feelings the owner had toward Smith." (*Id.*)

After plaintiff spoke up about these alleged practices, his immediate supervisor, Jeff Pederson, "requested that Plaintiff attend a breakfast meeting with him," where plaintiff was met by Pederson and Human Resources Senior Vice-President, Patrick Reeves. (Dkt. 1 at 5.) He was then informed that he was being "let go" because "sales have declined in Nashville." (*Id.*)

On January 27, 2017, plaintiff filed this complaint, alleging that his termination was not due to poor performance, but was in retaliation for his complaints about the new management. Plaintiff alleges his termination violated the Age Discrimination in Employment Act ("ADEA") because he was over forty at the time of termination and therefore a member of a protected class. (Dkt. 1 at 5–6.) He also alleges that his termination violated the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by illegally interfering with his pension and retirement benefits. (*Id.* at 7.) Finally, plaintiff alleges that his termination violated the Tennessee common law cause of

action against retaliation and the Tennessee Public Protection Act ("TPPA"), TENN. CODE ANN. § 50-10-304. (*Id.* at 6.)

Defendant has now filed a partial motion to dismiss, arguing that plaintiff failed to state a claim for a TPPA violation, and that it cannot be pleaded alongside an ADEA and ERISA claim. (Dkt. 9 at 1.) Further, defendant argues that the common law claim cannot survive because the cause of action has been abrogated and superseded by the TPPA. (*Id.*)

In a response brief, plaintiff has included a contemporaneously filed motion to amend, and on this basis argues that the motion to dismiss must be denied. First, the common law retaliation claim has been removed from the proposed amended complaint. Second, the TPPA claim has been repleaded to meet the elements. (*See generally* Dkt. 13.)

## II. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), "[a] complaint must state a claim that is plausible on its face." *Johnson v. Moseley*, 790 F.3d 649, 652 (6th Cir. 2015). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff must

4

plead facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). And a court considering a motion to dismiss must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

### III. Analysis

Defendant argues that the common law retaliation and TPPA claims must be dismissed because (1) the TPPA abrogated the common law claim, (2) plaintiff has failed to state a claim under the TPPA, and (3) plaintiff cannot assert a TPPA claim alongside ERISA and ADEA claims. (*See generally* Dkt. 10.)

### *Common Law Retaliation*

Defendant argues that plaintiff may not bring a common law retaliation claim because that cause of action has been abrogated or superseded by the TPPA. (Dkt. 10 at 5–6.) Plaintiff argues that because it has included a contemporaneously filed motion to amend with the response brief to the motion to dismiss, and the attached proposed

5

amended complaint "contains no allegations of violations of Tennessee Common Law," defendant's motion should be denied as moot. (Dkt. 13 at 3.)

In general, the Sixth Circuit has advised that "an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." *Gonzalez v. Kovacs*, Case No. 16-4001, 2017 WL 1437283, at *3 (6th Cir. Apr. 24, 2017) (citing *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)). The rationale for a district court not to consider the informal request is that the request has failed to "state the grounds [for amendment] with particularity." *Powers v. Sonoco Prods. Co.*, Case No. 11-cv-02061, 2011 WL 6012603, at *4 (W.D. Tenn. Dec. 1, 2011) (quoting *Evans v. Pearson Enters.*, 434 F.3d 839, 853 (6th Cir. 2006)).

In this case, plaintiff has not failed to state with particularity the grounds for amendment or made "a bare request" to amend. *Gonzalez*, 2017 WL 1437283, at *3 (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). Plaintiff has also included a proposed amended complaint, which satisfies the requirement that the grounds for amendment be stated with particularity. Accordingly, the Court will

exercise its discretion to consider the proposed amended complaint as a contemporaneously filed motion to amend.

The proposed amended complaint does not include a common law retaliation claim. (*See* Dkt. 13-1.) Accordingly, defendant's motion to dismiss the common law retaliation claim is denied as moot.

### *TPPA Claim*

Defendant next argues that plaintiff has failed to state a TPPA claim because the complaint does not allege (1) what statute was violated or (2) that plaintiff reported violations outside of AWG, and a TPPA claim cannot be brought with ERISA or ADEA claims. (*See generally* Dkt. 10.) As with the common law retaliation claim, plaintiff states that he has stated a claim in the proposed amended complaint. (Dkt. 13 at 2.) Plaintiff also states that he may plead the TPPA claim in the alternative to the ADEA and ERISA claims. (*Id.*)

For the reasons set forth above, the Court will consider plaintiff's attached proposed amended complaint as a contemporaneously filed motion to amend.

To plead a TPPA claim for retaliation, a plaintiff must show (1) that he was employed by the defendant, (2) that he was discharged, (3) that

he refused to remain silent about [defendant's] illegal activities, and (4) that retaliation was the sole reason for termination. *Williams v. City of Burns*, 465 S.W.3d 96, 110 (Tenn. 2015). Further, to satisfy the refusal to remain silent prong, a plaintiff must allege that he either reported the illegal conduct externally or internally "to someone other than the person responsible for the activity." *Haynes v. Formac Stables, Inc.*, 463 S.W.3d 34, 38 (Tenn. 2015). Internal reporting does not always satisfy the reporting requirement, "such as when the wrongdoer is the manager, owner, or highest authority within the company." *Id.* at 40–41.

Here, plaintiff alleges in the proposed amended complaint that defendant violated the Sherman Act, that he "reported these violations to upper management within the company," and that he was informed by his immediate supervisor that he was being "let go." (Dkt. 13-1 at 5 (paras. 19, 24), 7 (para. 38).) Plaintiff never specifies who in the company violated the Sherman Act, but alleges only that defendant violated this statute.

As the Tennessee Supreme Court has made clear, plaintiff cannot plead a TPPA claim by reporting only to the wrongdoer, and plaintiff has therefore failed to state a claim. First, assuming the new management

8

violated the Sherman Act, reporting to the same management is insufficient because they are the wrongdoers. Second, even assuming it were permissible to plead that the wrongdoer is the corporate entity itself, reporting to individuals within that entity would also be insufficient. Accordingly, plaintiff has failed to state a claim in the proposed amended complaint, and his motion to amend as to this issue is denied as futile. *See Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

Because the Court has denied leave to amend the TPPA claim, it will now consider whether plaintiff stated a TPPA claim in the original complaint. In the original complaint, plaintiff alleged potential statutory violations by the new management and CEO David Smith. (Dkt. 1 at 4–5, 7.) And he alleges that he spoke to Richard Kearns, the distribution Supervisor, about his concern with moving a client to a new warehouse (Dkt. 1 at 4 (para. 20)), and spoke to other unidentified individuals about his concerns.

Taking the allegations as true, plaintiff has failed to state a claim. First, with respect to Mr. Kearns, plaintiff has not alleged that moving a

client to a new warehouse was an illegal activity, which is defined by statute as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect health, safety, or welfare." TENN. CODE. ANN. § 50-1-304(a)(3); *Richmond v. Vanguard Healthcare Servs., LLC*, No. M2014-02461-COA-R3-CV, 2016 WL 373279, at *5 (Tenn. Ct. App. Jan. 29, 2016). Next, with respect to the other acts of the new management and CEO Smith, plaintiff has failed to plausibly allege "illegal activities" because he does not plead more than "potential statutory violations." Further, he has failed to plead to whom he reported the activities or to whom he spoke. Given that management and the CEO were allegedly involved in the wrongdoing, the complaint must contain allegations from which the Court could reasonably infer plaintiff reported to someone other than a wrongdoer. And the complaint lacks any such allegations. Accordingly, plaintiff has failed to state a claim in the original complaint, and defendant's motion to dismiss the TPPA claim is granted.

## IV. Conclusion

For the reasons set forth above, defendant's partial motion to dismiss (Dkt. 9) is GRANTED IN PART and DENIED IN PART.

Plaintiff's motion to amend (Dkt. 13) is GRANTED IN PART and DENIED IN PART. Plaintiff is also ORDERED to file the first amended complaint as a separate document on the docket.

IT IS SO ORDERED.

Dated: August 25, 2017                   s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                       United States District Judge
                                       Sitting By Special Designation